JOSEPH McGRAW *against* WILLIAM R. MORGAN and WILLIAM C. DICKEL.

The complaint in an action on an undertaking given on appeal to the Court of Appeals, to secure the payment of the costs and damages awarded on appeal, and also of the judgment appealed from, alleged the recovery of the original judgment, and its non-payment, and the recovery of a judgment for costs on affirmance by the general term, and its non-payment, and the affirmance of the judgment in the Court of Appeals, with costs, and that those were unpaid, and then alleged the execution of the undertaking and set it out at length, and alleged that none of said damages and costs had been paid: *Held*, that this was a sufficient allegation of the execution and breach of condition of the undertaking, and that none of the several judgments mentioned had been paid.

APPEAL by defendants from a judgment of this court. The facts are fully stated in the opinion.

*Godfrey & Jordan*, for appellant.

*A. J. Perry*, for respondent.

ROBINSON, J.—The obligation in suit was an undertaking executed by the defendants under sections 334, 335 and 340 of the Code, for the purposes of an appeal taken by Marie Alice Godfrey to the Court of Appeals from a judgment of this court, and, as required by those sections, securing payment by the appellant of all costs and damages that might be awarded against the appellant on the appeal (not exceeding $500), and also the judgment appealed from, if affirmed, or the part thereof as to which it should be affirmed, if affirmed only in part, and all damages that should be awarded against the appellant on the appeal.

The complaint, after alleging, firstly, the recovery of the original judgment against the appellant for damages and costs to the amount of $701 31, and also that it was "altogether unpaid;" secondly, set out the judgment for costs on the appeal to the general term of this court on affirmance at $89 91, which it also alleged was "altogether unpaid;" thirdly, the affirmance of the judgment of this court on the appeal to the Court of Appeals, with costs allowed, amounting to $120 61, which it alleged were also "altogether unpaid;" and, fourthly, the execution of the undertaking in suit (setting the same forth at length) for the purposes of the appeal to the Court of Appeals, it, fifthly, alleges for breach that the appellant had not paid any of *said damages and costs*, and demands judgment for the aggregate of the several recoveries and interest.

The answer, as to the first paragraph, does not deny the recovery of the original judgment for damages and costs, or its non-payment, but alleges it was void on account of Mrs. Godfrey's infancy; nor does it deny the recovery of the judgment for costs awarded upon the appeal to the general term, or upon the affirmance on the appeal to the Court of Appeals, with award of costs to the amount stated in the second and third

paragraphs, but alleges that both these judgments for costs were paid.

Under the undertaking authorized by section 334 of the code, the only *damages* contemplated are such as are specially awarded by that court, under the provisions of section 307, sec. 6, of the code—"for the delay;" and there is no suggestion in the pleadings of any such award having been made by that court for that cause.

The damages referred to in the complaint therefore could only have reference to such as had been previously mentioned, and the allegation that the appellant had not paid any of "said damages and costs," could only be understood as referring to such as had been previously mentioned, especial reference to which had been made as having been recovered by the plaintiff, and as remaining unpaid by the appellant, whose obligation to pay the same had been guaranteed by the defendants.

Such being the pleadings, on the trial, after proof of the recovery of the several judgments in this court, including that on *remittitur* from the Court of Appeals, and of the undertaking, as alleged, a payment, as on account, of $500 was admitted, and judgment was given for the balance of the amount claimed in the prayer of the complaint.

After the proof was closed, the defendants' counsel moved to exclude all evidence of the indebtedness alleged in the complaint, except the judgment for $120 60, costs in the Court of Appeals, and claimed that the plaintiff could not recover under the complaint the full amount demanded, to wit, $976 91. The court denied the motion, to which defendants excepted, and directed the jury to find a verdict for the sum of $495 64, the balance proved to be due on these several judgments, after crediting the $500 paid thereon ; and to this defendants' counsel excepted.

The point taken and urged on this appeal is quite technical. It is that the only breach alleged is the non-payment by Mrs. Godfrey of the sum of $120 61, recovered by the award of costs made by the Court of Appeals ; and that no breach of the condition of the undertaking is alleged, except by the non-payment of such damages and costs as were awarded by that court.

No one can read the complaint without apprehending and being given fully to understand that the original judgment was for *damages and costs*, that the second, on appeal in the general term, was for *costs*, and that the final one was only "for *costs* ;" that said Marie Godfrey had not paid any of the said "damages and costs," but had wholly neglected and refused to do so—contrary to the condition of the undertaking; and that judgment was asked for the aggregate of these several judgments for damages and costs and interest.

The rule of pleading established by the Code of 1848, § 120, for a complaint was, that it should contain "a statement of the facts constituting the cause of action in ordinary and concise language, without repetition, *and in such manner as to enable a person of common understanding to know what is intended ;* " and although the part underscored has since been stricken out (Code, Amendment 1851, § 140), this was done either because it was regarded as surplusage, or, at most, as requiring a more precise degree of plainness and perspicuity than was necessary as to any one educated in the law, or acquainted with the ordinary use of professional language. A pleading is sufficient when it contains such a statement of facts as enables the court to perceive, without regard to the particular language used, or the order or manner of its expression, that a cause of action exists, and that there is the appropriate prayer for the relief to which the plaintiff is justly entitled. The complaint in this case fulfilled all these conditions, and the objections to this recovery were not only technical, but untenable. They were not founded on any of the matters of defense in the answer, specially setting up *infancy and payment*, to the several items of plaintiff's claim. If any consideration could be given to them from consideration of form in pleading, the court, in furtherance of justice, and in accordance with the case alleged and proved, would allow the amendment to the complaint, by inserting before the words "damages and costs," in the fifth subdivision or paragraph, the words "any or either of the aforesaid judgments for costs, &c."

The judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.